UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LISA SEEMANN,

    Plaintiff,

v.

NEW YORK STATE OFFICE OF THE
MEDICAID INSPECTOR GENERAL,

    Defendant.

**ATTORNEY DECLARATION IN SUPPORT OF PARTIAL MOTION TO DISMISS / MOTION FOR A PROTECTIVE ORDER**

Civ. No. 17-cv-0901

(GLS/CFH)

---

    **KYLE W. STURGESS**, pursuant to 28 U.S.C. §1746, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

    1.    I am an Assistant Attorney General, of Counsel to New York State Attorney General Eric Schneiderman, attorney of record for the New York State Office of the Medicaid Inspector General ("OMIG" or the "Agency"), the Defendant in the above-captioned action. I offer this Declaration in support of the Agency's partial motion to dismiss the Plaintiff's claims of disparate treatment-type disability discrimination and hostile environment-type harassment; as well as to secure a protective order directing the destruction of, and barring the Plaintiff's use of, a November 30, 2017 email communication between myself and Dionne Wheatley, Esq., an Associate Counsel in the counsel's office of the Agency.

    2.    I make this Declaration on the basis of my own knowledge of and familiarity with the circumstances described herein.

    3.    The Plaintiff's lawsuit purports to bring claims against OMIG for various forms of disability-based discrimination stemming from her ongoing employment with the agency. Her

Second Amended Complaint (Dkt. No. 10) contains claims for, *inter alia*, disparate-treatment discrimination; and hostile environment-type harassment.

4. These two claims (together with the state-law analogues, brought pursuant to the New York State Human Rights Law), are insufficiently pleaded and must be dismissed. The Plaintiff's disparate-treatment claim relies almost exclusively upon allegations made "upon information and belief," comparing her treatment to that of other employees, but she offers not one allegation in factual support of that professed "belief," such as details about the other employees to whom her comparison is made, that would permit the court to draw an inference of discriminatory treatment.

5. With regard to the Plaintiff's hostile-environment claim, a similar defect is immediately apparent: there are no facts alleged that serve to link any of the two complained-of incidents of mistreatment to an Agency animus toward the Plaintiff's disability. Moreover, even if such a link did exist, the two episodes cited by the Plaintiff in her Second Amended Complaint (the operative pleading at this point in time) do not rise as a matter of law to the level of severity or pervasiveness needed to state a viable claim of hostile environment-type harassment, and survive a motion to dismiss.

6. The Plaintiff's original Complaint, which omitted the current hostile environment claim, was answered by the Defendant on November 13, 2017. Dkt. Nos. 1 and 7. The Plaintiff subsequently amended her original Complaint on November 28, 2017. Dkt. No. 8. Two days later, on November 30, 2017, I sent an email regarding the Plaintiff's lawsuit,[1] to OMIG Associate

---

[1] The Agency continues to assert its claim of privilege to the substance of the email communication and does not intend by this motion to waive any applicable privilege with regard to this or any other attorney-client communication in this case. Moreover, the communication itself has not been appended to the Agency's motion papers. Should the Court deem it necessary for the substance of the communication to be considered in more depth for purposes of this motion, the Agency

Counsel Dionne Wheatley, Esq. The email was sent in my capacity as an attorney assigned to represent OMIG in the matter of the Plaintiff's lawsuit, and not with any intention or expectation on my part that it would be disclosed to any third party (including the Plaintiff).

7. It is my understanding that the November 30, 2017 email was erroneously forwarded to the Plaintiff. Upon discovery of this accident the following morning (December 1), I contacted the Plaintiff's counsel by phone to inform him that the forwarding of the email had been inadvertent, and requested that the email be destroyed. I followed up my telephone call with a letter (appended hereto as **Exhibit A**) reiterating the inadvertent nature of the email forward; the Agency's continued assertion of privilege as to the email; and the fact that the Plaintiff had been requested to destroy and refrain from using the email communication at issue. (There is no indication that either the Plaintiff or her counsel complied with requests from the Agency or the undersigned.)

8. Later the same day, the Plaintiff filed her Second Amended Complaint, which extensively described the email exchange (including references to the substance of the original, privileged communication), along with the Plaintiff's response to the Agency upon her reading of the privileged communication. Dkt. No. 10 at ¶¶33-37, 54-55, and 62.

9. As is clear from the above and from the Declaration of Ms. Wheatley (submitted herewith in support of the motion for a protective order), the email described in the Plaintiff's complaint was, at the very least, protected by the attorney-client communication privilege, inadvertently disclosed to the Plaintiff, and as to which no waiver was ever made.

---

respectfully requests permission to file the communication with the Court by secure traditional, rather than electronic, means.

10.     Accordingly, the Plaintiff's retention of this communication—as well as its exploitation by use in litigation—should be precluded. The Defendant therefore respectfully requests the dismissal of the Plaintiff's disparate-treatment and hostile environment claims, on the bases described above and in the accompanying Memorandum of Law; as well as a protective order directing the return and/or destruction of the November 30, 2017 email from the undersigned to OMIG (and its subsequent forward to the Plaintiff), and precluding the Plaintiff from using the privileged communication in subsequent phases of the instant litigation. To the extent necessary, the Defendant further respectfully requests that its time to answer the Second Amended Complaint be extended pending resolution of the partial motion to dismiss, in view of the case authority cited in Point III of the Defendant's accompanying Memorandum of Law (positing that a partial motion to dismiss should stay a defendant's obligation to answer any remaining claims, in the interest of judicial economy).

Dated: December 15, 2017

s/ *Kyle W. Sturgess*
KYLE W. STURGESS
Assistant Attorney General

# EXHIBIT A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 776-2592

December 1, 2017

**VIA EMAIL AND FIRST-CLASS MAIL**

Patrick Sorsby, Esq.
Law Office of Patrick Sorsby PLLC
*Attorney for the Plaintiff*
1568 Central Avenue FL 1
Albany, New York 12205

Re:   Lisa Seemann v. OMIG
      NDNY Civ. No. 17-cv-0901

Dear Mr. Sorsby:

    This Office represents the Defendant, the NYS Office of the Medicaid Inspector General ("OMIG" or the "Agency") in the above-captioned action. I write pursuant to our earlier telephone conversation to reassert my verbal request that a November 30, 2017 email communication from Dionne Wheatley, Associate Counsel for OMIG, to your client (the "Plaintiff") be returned or otherwise destroyed as a document protected by the attorney-client communication and/or attorney work-product privileges.

    The email in question, sent to your client at 5:50 p.m. yesterday evening, was an inadvertent forward of an email communication from the undersigned to Ms. Wheatley, ***and does not represent any waiver of privilege whatsoever by OMIG with respect to the above litigation***. Both the original email and Ms. Wheatley's forwarded version bore confidentiality notices advising unintended recipients of, *inter alia*, the protected nature of the content and the need to delete the email in the event of an unintentional receipt. Upon discovery of the inadvertent forwarding of the email to the Plaintiff, moreover, OMIG immediately advised the Plaintiff that she was an unintended recipient and directed her to delete the email. See Gragg v. International Management Group, Inc., 2007 WL 1074894, at *5 (N.D.N.Y. 2007) (examining factors relevant to the status of inadvertent disclosures, including "the reasonableness of any precautions taken to prevent inadvertent disclosure;…the relative volume of the privileged documents;…the length of the time taken by the [disclosing] party to raise and rectify the issue;…[and] overarching considerations of fairness").

      Accordingly, please return or destroy the communication at issue and any copies thereof. In addition, kindly refrain from any further use of the documents, including any further disclosure of the same. If you have already disclosed the communication to any third parties, please take reasonable steps to retrieve it from its recipients.

      This letter does not constitute a waiver of any rights the Agency may have to seek further relief in this regard from the Court. I thank you in advance for your cooperation in deleting or otherwise destroying the privileged communication whose mistaken release was immediately remedied upon its discovery.

      Sincerely,

      s/*Kyle W. Sturgess*
      Kyle W. Sturgess
      Assistant Attorney General